UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 20-23104-CIV-WILLIAMS

WOODARD-CM, LLC,

        Plaintiff,

vs.

SUNLORD LEISURE PRODUCTS, INC.,

        Defendant.

_____/

## ORDER

**THIS MATTER** is before the Court on Plaintiff's *Ex Parte* motion for temporary restraining order and preliminary injunction. (DE 6). Because Plaintiff has not satisfied the requirements for the issuance of a temporary restraining order without notice to Defendant, Plaintiff's motion is **DENIED WITHOUT PREJUDICE**.

To obtain a temporary restraining order, a party must demonstrate "(1) [there is] a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). Under Rule 65(b), the Court may only issue a temporary restraining order without notice to the adverse party or its attorney if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

1

Fed. R. Civ. P. 65(b)(1).

"[T]he requirements of Rule 65(b)(1) are not mere technicalities but establish minimum due process. Thus, [t]o obtain *ex parte* relief, a party must strictly comply with these requirements." *Dragados USA, Inc. v. Oldcastle Infrastructure, Inc.*, No. 20-CV-20601, 2020 WL 733037, at *2 (S.D. Fla. Feb. 13, 2020) (internal citations and quotations omitted). Courts have explained that "[t]he normal reason for proceeding without notice is that the opposing side is unable to be found or the identity of the opposing side is unknown. In some limited circumstances, proceeding without notice is also justified upon a showing that notice would lead to the destruction of evidence." *Glob. HTM Promotional Grp., Inc. v. Angel Music Grp., LLC*, No. 06-20441-CIV, 2006 WL 8432722, at *1 (S.D. Fla. Mar. 1, 2006) (internal citations omitted).

The Court finds that Plaintiff's motion fails to meet the requirements under Rule 65(b)(1). Specifically, Plaintiff's attorney has not certified in writing any efforts made to give notice and the reasons why it should not be required. *See e.g.*, *Brown v. Hoffman*, No. 13-22656-CIV, 2013 WL 12099405, at *1 (S.D. Fla. Aug. 6, 2013) (denying motion for *ex parte* temporary restraining order and preliminary injunction in part because "[a] court may only issue a temporary restraining order without notice to the adverse party if the movant's attorney certifies in writing any efforts made to give notice and the reasons why it shouldn't be required. No such certification was provided.") (internal quotations and citations omitted); *see also Kazal v. Price*, No. 8:17-CV-2945-T-23AAS, 2017 WL 6270086, at *4 (M.D. Fla. Dec. 8, 2017) (denying ex parte motion for temporary restraining order and preliminary injunction in part because "[t]he plaintiffs' attorneys fail[ed] to submit

2

an affidavit certifying an effort to notify [the non-moving party] about the motion and fail to explain the necessity for an *ex parte* order.").

Even if Plaintiff's attorney certified in writing the assertions made in its motion, the Court would still find that Plaintiff has failed to meet the Rule 65 requirements. For example, Plaintiff indicates that it sent Defendant a Notice of Breach on June 15, 2020 in an attempt to resolve this matter. Thus, Defendant's identity does not appear to be unknown and Plaintiff is seemingly able to find Defendant. Further, Plaintiff asserts that because Defendant "refused to accept responsibility", Plaintiff has "a good faith basis to believe Defendant will try to quickly change or otherwise conceal its behavior if Plaintiff proceeds on notice to Defendant for this application for judicial relief" and that "no further meet-and-confer efforts or notices should be required, as Plaintiff has already tried to resolve this matter without court intervention (to no avail)." (DE 6). However, Plaintiff's argument that notice would result in Defendant changing or concealing its behavior is unpersuasive in light of its statements that it has not only advised Defendant, in writing, of its violations of the Settlement Agreement, but it has also "signaled that Plaintiff would 'take all necessary steps to enforce [the Plaintiff's] rights' absent Defendant's immediate compliance." (DE 6). *See e.g.*, *Brown*, 2013 WL 12099405, at *1 ("[B]ecause Plaintiff has already made Defendants aware of this lawsuit and of his initial request for injunctive relief, there would be no harm that would result from providing Defendants notice of Plaintiff's renewed request for injunctive relief. Accordingly, Plaintiff has not shown a harm which might justify the conclusion that notice should not be required.").

Plaintiff also requests a preliminary injunction. Under Rule 65(a)(1), the Court "may issue a preliminary injunction *only on notice to the adverse party*." Fed. R. Civ. P. 65(a)(1)

3

(emphasis added). Here, Defendant has not received notice of Plaintiff's motion, thus Plaintiff's request is premature at this time. *See Dragados USA, Inc. v. Oldcastle Infrastructure, Inc.*, No. 20-CV-20601, 2020 WL 733037 (S.D. Fla. Feb. 13, 2020). Accordingly, the Court finds that Plaintiff has failed to satisfy the requirements under Rule 65(b), entitling it to an *ex parte* temporary restraining order and preliminary injunction. See *id.* ("Plaintiff's 'failure to provide the information required under Rule 65(b)(1)(B) is fatal to its request for [a temporary restraining order] without notice.'").

For the reasons above, it is **ORDERED AND ADJUDGED** that Plaintiff's motion (DE 6) is **DENIED WITHOUT PREJUDICE**. If Plaintiff wishes to renew its request for temporary restraining order and preliminary injunction, it must provide notice to Defendant.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 29th day of July, 2020.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE