UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 20-cv-23104-KMW

WOODARD-CM, LLC,

    Plaintiff,

vs.

SUNLORD LEISURE PRODUCTS, INC.
d/b/a PATIO RENAISSANCE,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant SUNLORD LEISURE PRODUCTS, INC. d/b/a PATIO RENAISSANCE ("Sunlord") files its Answer to Plaintiff WOODARD-CM, LLC's ("Woodard") Complaint as follows:

1. Without knowledge, therefore denied.

2. Admitted.

3. Admitted that the Complaint purports to be an action for breach of contract and for declaratory and other relief pertaining to a settlement agreement with an effective date of August 29, 2019 between the parties which arose out of a prior lawsuit in the United States District Court for the Southern District of Florida. Defendant denies that it breached the settlement agreement or that Plaintiff is entitled to any of the relief sought.

4. Admitted that parties are citizens of different states. Denied that the amount in controversy exceeds the sum or value of $75,000 or that plaintiff is entitled to any damages.

5. Denied.

1

6.	Denied.

7.	Denied.

8.	Denied as phrased.

9.	Admitted that Defendant engages with retailers in Florida, but denies that Defendant sells, advertises, and markets outdoor furniture directly to consumers.

10.	Admitted that defendant has a relationship with at least one independent salesperson dedicated to Florida.

11.	Admitted that Justin Pfahl was an independent salesperson who sold defendant's products, as well as the products of other patio furniture brands manufactured and/or distributed by other companies, and that Defendant recognized Pfahl for outstanding sales in the Florida market.

12.	Denied.

13.	Admitted.

14.	Admitted that defendant owns and operates the websites www.patiorenaissance.net and www.patiorenaissance.com that market its products through retailers nationwide.  Defendant denies the remaining allegations of paragraph 14.

15.	Admitted that defendant sells some of its products through retailers in Florida. Defendant denies the remaining allegations in paragraph 15.

16.	Admitted.

17.	Admitted that Defendant advertises and markets its products to customers nationwide and communicates with customers nationwide through its web page.  Defendant denies the remaining allegations of paragraph 17.

18. Admitted that in the screenshot in paragraph 18 that purports to be a communication between someone from Patio Renaissance and someone identified as Tanya Burley asks for the Florida representative's number and that someone purportedly speaking on behalf of Patio Renaissance provides her with contact information for a Florida "rep." Defendant denies the remaining allegations in paragraph 19.

19. Admitted.

20. Admitted that Defendant's products can be viewed by Florida residents and can be purchased through retailers only in Florida and nationwide. Defendant denies the remaining allegations in paragraph 20 and denies that venue is proper.

21. Denied.

22. Denied.

23. Admitted that the Settlement Agreement resolved the First Southern District of Florida Action. Defendant denies the remaining allegations in paragraph 23.

24. Admitted that the parties entered into a settlement agreement in the First Southern District of Florida Action on or about August 29,2019. Defendant denies the remaining allegations in paragraph 24.

25. Admitted that as part of the Settlement Agreement Plaintiff and Defendant entered into a voluntary Stipulation of Dismissal of the First Southern District of Florida Action. Defendant denies the remaining allegations of paragraph 25.

26. Denied.

27. Without knowledge, therefore denied.

28. Without knowledge, therefore denied.

30. Admitted that defendant sells outdoor furniture and is in the outdoor furniture industry.

31. Admitted.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Admitted.

39. Admitted.

40. Admitted.

41. Defendant admits that the terms of the settlement agreement speak for themselves.

42. Defendant admits that the terms of the settlement agreement speak for themselves.

43. Defendant admits that the terms of the settlement agreement speak for themselves.

44. Defendant admits that the terms of the settlement agreement speak for themselves.

45. Defendant admits that the terms of the settlement agreement speak for themselves.

46. Defendant admits that the terms of the settlement agreement speak for themselves.

47. Defendant admits that the terms of the settlement agreement speak for themselves.

48. Defendant admits that the terms of the settlement agreement speak for themselves.

49. Denied.

50. Denied.

51. Admitted that Defendant's products are marketed and sold by authorized retailers and that Galaxy Home Recreations sells Defendant's products. Defendant denies the remaining allegations in paragraph 51.

52. Denied.

53. Denied.

54. Without knowledge, therefore denied. To the extent that the Galaxy website advertised furniture under the name "Patio Renaissance Aberdeen 6PC Collection" and described it as "Aberdeen Collection by Patio Renaissance," the website was incorrect and the statements were neither authorized nor approved by the Defendant and the Defendant had no knowledge of them. Defendant was subsequently told by Galaxy that Galaxy had made a mistake.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Defendant admits that it received a copy of Exhibit C. Defendant denies the remaining allegations of paragraph 59.

60. Admitted that the "Aberdeen" line of products is not part of the Defendant's collections and that it informed plaintiff of that fact. Defendant denies the remaining allegations of paragraph 60.

61. Admitted that Defendant, through counsel, denied that it breached the settlement agreement and that its e-mail speaks for itself. Defendant further denies that it breached the settlement agreement and denies, or is without knowledge, and therefore denies, the remaining allegations of paragraph 61.

62. Denied.

63. Without knowledge, therefore denied.

64. Without knowledge, therefore denied.

65. Without knowledge, therefore denied.

66. Without knowledge, therefore denied.

67. Without knowledge, therefore denied.

68. Denied.

69. Denied.

70. Admitted that in the outdoor furniture industry there is a "Preview Show" held annually in July where manufacturers display and highlight their new collections. Defendant is without knowledge, and therefore denies, the remaining allegations of paragraph 70.

71. Admitted that the Preview Show for 2020 has been cancelled and that some buyers make their purchasing decisions in July. Defendant is without knowledge, and therefore denies, the remaining allegations of paragraph 71.

72. Denied.

73. Denied.

74. This paragraph does not require a response.

75. Admitted.

76. Admitted.

77. Denied.

78. Denied.

80. Denied.

81. Denied.

82. This paragraph does not require a response.

83. Admitted that the claim purports to be one for declaratory relief.  Defendant denies that Plaintiff is entitled to any relief.

84. Admitted.

85. Admitted.

86. Without knowledge, therefore denied.

87. Admitted that the settlement agreement speaks for itself.

88. Denied.

89. Without knowledge as to what Plaintiff desires.  Defendant denies that plaintiff is entitled to any relief and the remaining allegations of paragraph 89.

90. Denied.

91. Denied.

92. Denied.

## **AFFIRMATIVE DEFENSES**

1. Defendant did not breach the Settlement Agreement.

2. Plaintiff is not entitled to an injunction because it has an adequate remedy at law.

3. Plaintiff is not entitled to an injunction because it did not suffer irreparable harm.

4. Plaintiff has failed to mitigate its damages.

5. Any harm Plaintiff experienced was caused by third parties.

6. Plaintiff is not entitled to declaratory relief because there is no immediate and real controversy sufficient to entitle them to declaratory relief.

7. Plaintiff is not entitled to declaratory relief because there is no actual controversy.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

I certify that the foregoing was served this 1st day of September, 2020 on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

BY:   /s/ David H. Pollack
**DAVID H. POLLACK**
Fla. Bar No. 0955840
**MATTHEW STREET**
Fla. Bar No. 1013945

## SERVICE LIST
WOODARD-CM, LLC VS. SUNLORD LEISURE PRODUCTS, INC.
d/b/a PATIO RENAISSANCE

CASE NO. 1:19-CV-22907-CMA

United States District Court, Southern District of Florida

John Cyril Malloy, III
Oliver Alan Ruiz
Malloy & Malloy, P.L.
2800 S.W. Third Ave.,
Miami, Florida 33129
Tel: (305) 858-8000
Email: jcmalloy@malloylaw.com