## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 20-23104-Civ-WILLIAMS/TORRES

WOODARD-CM, LLC,
a Delaware limited liability
company,

      Plaintiff,

vs.

SUNLORD LEISURE PRODUCTS, INC.
d/b/a PATIO RENAISSANCE,
a California corporation,

      Defendant.

_____/

### DISCOVERY ORDER

This matter was before the Court on Plaintiff's, Woodard-CM, LLC ("Plaintiff") request for a discovery hearing to compel better discovery responses, which was held on Thursday, January 28, 2021 (the "Notice"). The Notice pertained to Plaintiff's Motion to Compel Discovery, and more specifically, to compel the Defendant Sunlord Leisure Products, Inc. d/b/a Patio Renaissance ("Defendant") to provide full and complete responses and accompanying documents to Plaintiff's First Request for Production and First Set of Interrogatories (collectively Plaintiff's "Motion"). The parties reached agreement on the following Order, together with supplemental rulings from the Court. The Court announced its rulings on the disputed issues on the record. This Order memorializes those rulings and the parties' agreed disposition of the remaining issues. The Court being otherwise advised in the premises, it is

1

hereby **ORDERED** and **ADJUDGED:**

1.     Plaintiff's Motion is **GRANTED as follows:**

2.     Defendant has represented that on January 27, 2021, Defendant produced all electronically stored information from August 29, 2019, with the exception of any electronically stored information that Defendant believes may be protected by the attorney/client privilege, based upon the search terms Plaintiff's counsel provided to defense counsel on Tuesday, January 5, 2021, and that those search terms were applied across the following custodians' electronic devices: Ching Chuan Lin, Ai Ping Luo a/k/a Albert Lord, Julia Yang, Alex Chiu, Alisha Ortiz, and Mark Gorr.  Plaintiff's Motion on this issue is therefore rendered moot.

3.     Through the parties' meet and confer discussions, Defendant has confirmed that it will amend its responses to Plaintiff's First Request for Production and First Set of Interrogatories, and withdraw the boilerplate objections asserted in response to Nos. 12, 26, 27, 28, 36, 37, 46-51, 56, 57, 58, and 59, and Plaintiff's First Set of Interrogatory Nos. 2, 3, 7, and 9.  Defendant has also confirmed that it is not withholding any documents based upon those objections, which Defendant will withdraw by no later than Thursday, February 4, 2021.

4.     Through the parties' meet and confer discussions, Defendant has confirmed that by no later than Thursday, February 4, 2021, Defendant shall *either* provide amended responses to Interrogatory Nos. 10, 11, 12, and 13 (which fully answer those interrogatories in written form), or identify by specific bates-number which documents in Defendant's production contain the responsive information as it

relates to those specified interrogatories. *See Rubenstein Law, P.A. v. Friedman Law Assocs., P.L.*, 2017 U.S. Dist. LEXIS 42163, at *8 (M.D. Fla. Mar. 23, 2017) ("Defendants are directed to supplement their responses to Interrogatories Number 4, 5, and 6 to specifically identify responsive documents by Bates label.").

5. Through the parties' meet and confer discussions, Defendant has confirmed that by no later than Thursday, February 4, 2021, Defendant will provide full and complete responses to Interrogatory Nos. 8, 9, 13, and 14. *See Developmental Techs., LLC v. Valmont Indus.*, 2016 U.S. Dist. LEXIS 43765, at *3 (M.D. Fla. Mar. 31, 2016) ("An evasive or incomplete answer to an interrogatory is treated as a failure to answer."). More specifically:

    a. Defendant shall fully identify the legal entity or entities, and the address(es) of the company or companies that Defendant referred to as "Prestige Patios" or "Prestige Patio" in response or affidavits submitted in response to Plaintiff's expedited motion for preliminary injunction. *See Interrogatory No. 8. To the extent that the affidavits incorrectly referred to "Prestige Patio," rather than other entities, Defendant will identify the legal entity or entities that it claims it intended to refer to.*

    b. Defendant shall fully identify the legal, familial, and business relationships, including but not limited to ownership, between Sunlord and Prestige, including all their subsidiaries, affiliated companies under common control, and related companies, as well as Sunlord's employees, officers, and directors, and if known, Prestige's employees, officers, and directors. *See Interrogatory No. 9.*

    c. Defendant shall identify for each of Defendant's Products(s), each person or entity in the chain of distribution from manufacturers and importers, to vendors or suppliers of products or product components, to wholesale or retail outlets or distributors at which the public may purchase obtain the products or services. Defendant's response shall include individual names, and each person's specific role in the distribution chain. *See Interrogatory No. 13.*

    d.   Defendant shall describe and specify how it arrived at the determined that the "Aberdeen line of patio furniture is manufactured, sold and distributed by Prestige Patio." *See Interrogatory No. 8.*

6.    In certain of Plaintiff's Requests for Production and First Set of Interrogatories, Plaintiff requested documents and information from January 1, 2018 to the present. Defendant objected to the temporal scope of certain requests, and instead provided information "from August 29, 2019, the effective date of the Settlement Agreement, to the present." The Court sustained Defendant's objection and found that the presumptive discovery period under the current complaint begins August 29, 2019. That ruling is without prejudice to later reconsideration as to specific individualized requests/issues or based upon amended pleadings that may be filed. That ruling also applies to only party discovery that was at issue at the hearing. Third party discovery is not affected by that limitation.

7.    Through the parties' meet and confer discussions, Plaintiff and Defendant have resolved the issue relative to Plaintiff's award of attorneys' fees and costs pursuant to Rule 37(a)(5). By no later than March 1, 2021, Defendant shall pay $2,000.00 to the Plaintiff, which shall be sent to Plaintiff's counsel's office. *See Airbnb, Inc. v. City of Miami Beach*, 2019 U.S. Dist. LEXIS 57274, at *5 (S.D. Fla. Apr. 3, 2019); *see also Procaps S.A. v. Patheon Inc.*, 2013 U.S. Dist. LEXIS 170299, at *11-13 (S.D. Fla. Dec. 3, 2013) ("An award is required even if the non-producing party ultimately agrees to produce discovery. That's because the Rule also includes a provision for an award if 'the disclosure or requested discovery is provided after the motion was filed.'").

**DONE AND ORDERED** in Chambers in Miami, Florida, this 28 day of January, 2021.

_____
EDWIN G. TORRES
United States Magistrate Judge

Copies furnished to: All Counsel of Record