UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 20-cv-23104-KMW

WOODARD-CM, LLC, )
)
       Plaintiff, )
)
vs. )
)
SUNLORD LEISURE PRODUCTS, INC., )
d/b/a PATIO RENAISSANCE, )
et al. . )
)
       Defendants. )
_____ )

## JUSTIN PFAHL AND PFAHL ENTERPRISES, INC. MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CAUSE OF ACTION

Justin Pfahl ("Pfahl") and Pfahl Enterprises, Inc. ("Enterprises" and collectively with Pfahl the "Pfahl Parties"), by and through undersigned counsel, respectfully request the Court dismiss the First Amended Complaint as to the Pfahl Parties pursuant to Fed.R.Civ.P. 12(b)(6) as the First Amended Complaint fails to state claims against the Pfahl Parties. As grounds in support thereof the Pfahl Parties respectfully state as follows:

1. Plaintiff Woodard-CM, LLC ("Woodard") filed the First Amended Complaint on or about April 9, 2021 [ECF 44]. The First Amended Complaint added a number of defendants, including the Pfahl Parties, and a number of claims asserted against the various defendants.

2. The First Amended Complaint contains 193 paragraphs of factual assertions prior to the pleading of any substantive counts against any of the defendants. The first 53 paragraphs are allegations related to jurisdiction and venue; the remaining paragraphs contain allegations that purportedly support the various counts asserted against the Defendants.

Case 1:20-cv-23104-KMW   Document 79   Entered on FLSD Docket 05/13/2021   Page 2 of 14

*Woodard CM, LLC vs. Sunlord Leisure Products, Inc., et al.*
*Case No. 20-cv-23104-KMW*

3. Very few of these paragraphs mention the Pfahl Parties; as will be further detailed below, the lack of allegations are, in part, what supports the Pfahl Parties' requests for dismissal of the First Amended Complaint as to them.

4. As it relates to the Pfahl Parties, Woodard has asserted the following counts and claims:

a) Count XIX – Breach of the Settlement Agreement attached to the First Amended Complaint;

b) Count XX – Tortious Interference With a Contract (the same Settlement Agreement);

c) Count XXI – Tortious Interference With a Business Relationship;

d) Count XXII – Civil Conspiracy where the alleged wrongful act is tortiously interfering with the Settlement Agreement;

e) Count XXIII - Civil Conspiracy where the alleged wrongful act is tortiously interfering with Woodard's alleged business relationships;

f) Count XIV- Civil Conspiracy where the alleged wrongful act is the breach of the Settlement Agreement; and

g) Count XXVI, which seeks declaratory relief related to all of the above.

5. The crux of all of the allegations, as the Court is aware given the history of the case along with the fact that the matter proceeded for some time prior to the filing of the First Amended Complaint, is that the various defendants were engaged in some sort of scheme to sell "knock offs" of certain Woodard products. While the Pfahl Parties vehemently deny that such was taking place (as do all the defendants presumably) and/or that they were involved in any such activity, the above counts as they are pled against the Phal Parties are deficient and defective in several major and substantial ways, each of which will be addressed below.

Case 1:20-cv-23104-KMW   Document 79   Entered on FLSD Docket 05/13/2021   Page 3 of 14

*Woodard CM, LLC vs. Sunlord Leisure Products, Inc., et al.*
*Case No. 20-cv-23104-KMW*

6. With regard to Count XIX, which asserts a breach of contract claim against the Pfahl Parties, the claim is based on an alleged breach of the Settlement Agreement attached to the First Amended Complaint. A review of the Settlement Agreement demonstrates that the only parties who actually signed the Settlement Agreement were Woodard and Sunlord Leisure Products, Inc. ("Sunlord").

7. The Pfahl Parties are not mentioned in the Settlement Agreement. They did not sign the Settlement Agreement. The First Amended Complaint does not allege that the Pfahl Parties were involved in the negotiation or the drafting of the Settlement Agreement. There are no allegations that the Pfahl Parties received any consideration as a result of the Settlement Agreement. Most notably, there are no allegations that the Pfahl Parties <u>even knew that the Settlement Agreement existed.</u>

8. Woodard does not attempt to hide these glaring deficiencies. Instead, Woodard attempts to assert that the Pfahl Parties can be held liable for allegedly breaching an agreement that they did not know existed, did not sign, did not participate in the negotiations that led to its creation, did not receive any consideration for despite allegedly being bound and, to put it as succinctly as possible, would not have had any clue they were allegedly breaching. Woodard accomplishes this by asserting that the broad, boilerplate language set forth in Paragraphs 2.2 and 11.4 of the Settlement Agreement somehow binds the Pfahl Parties – and indeed, anybody in the world who has ever been an employee, agent or representative of Sunlord, down to the receptionist and the mail room clerk. See First Amended Complaint, Paragraph 29 (referencing language in Paragraph 2.2 of the Settlement Agreement); Paragraph 70 (referencing the language in Paragraph 11.4 of the Settlement Agreement); and Paragraphs 73 and 74 (making conclusory allegations that the Pfahl Parties are bound by the Settlement Agreement based on the two paragraphs referenced above).

Case 1:20-cv-23104-KMW   Document 79   Entered on FLSD Docket 05/13/2021   Page 4 of 14

*Woodard CM, LLC vs. Sunlord Leisure Products, Inc., et al.*
*Case No. 20-cv-23104-KMW*

9. Fortunately for the Pfahl Parties, the law is not so draconian as to bind persons to contracts that they did not know existed such that they could potentially be personally liable for alleged breaches of same. As will be discussed in more detail below, persons who are not actual parties to contracts generally cannot be held liable for breaching them.

10. Moreover, the law is also clear that an agent is not liable for actions that might cause his or her principal to be liable for allegedly breaching a contract. These two legal principles insulate the Pfahl Parties from liability for allegedly breaching the Settlement Agreement that they never knew existed.

11. With regard to the tortious interference claims, and by implication the conspiracy claims, the only substantive allegations made against the Pfahl Parties are contained in paragraphs 161-163 of the First Amended Complaint, where the Pfahl Parties are alleged to have a) handed out tear sheets and discussed the alleged furniture at a furniture show; and b) been copied on an internal email and responded to an email about the tear sheets and utilizing them at the furniture show. These three paragraphs, out of 193 total pre-Count I paragraphs, are the sum total of the assertions against the Pfahl Parties that they were involved in the alleged wrongful conduct.

12. As noted above, there are no allegations that the Pfahl Parties knew of the Settlement Agreement, the prior lawsuit, the disputes between Woodard and Sunlord, or for that matter, anything related to any of the claims. There are no allegations that state when the Pfahl Parties allegedly learned of the Settlement Agreement, who told them, how they found out, whether they received a copy of the Settlement Agreement, or anything else that might have given the Pfahl Parties any inkling of the existence of the Settlement Agreement.

13. It of course does not surprise the Pfahl Parties that these allegations are not made because they never happened. The Pfahl Parties never knew about the Settlement Agreement.

Case 1:20-cv-23104-KMW   Document 79   Entered on FLSD Docket 05/13/2021   Page 5 of 14

*Woodard CM, LLC vs. Sunlord Leisure Products, Inc., et al.*
*Case No. 20-cv-23104-KMW*

They never knew about the prior lawsuit. They never knew that Woodard had accused Sunlord of any improper activities. It thus goes without saying that they could not have tortiously interfered with the Settlement Agreement because they had no knowledge of its existence.

14. The same is true of Woodard's alleged business relationships. There are no allegations that the Pfahl Parties knew about Woodard's relationships with any of the parties referenced in Paragraph 351 of Count XXI of the First Amended Complaint. As will be shown below, this failure to allege knowledge is fatal to the tortious interference claims.

15. Woodard does make a feeble attempt to mend this glaring hole by making a naked, conclusory allegation that the Pfahl Parties had "knowledge" of the Settlement Agreement (Paragraph 347) and Woodard's business relationships (Paragraph 352). These conclusory allegations, however, that have no support from any substantive allegation anywhere else in the First Amended Complaint, are not entitled to be taken as true and thus cannot survive attack and dismissal.

16. Once the breach and tortious interference counts are dismissed, there are no wrongful acts to support any counts for conspiracy, thus compelling their dismissal. Likewise, since all the counts are due to be dismissed as to the Pfahl Parties, Count XXVI seeking declaratory relief is likewise subject to dismissal because there are no controversies between the parties that would require judicial intervention and/or a declaration of the parties' rights.

17. For all of the foregoing reasons, the Pfahl Parties assert that the First Amended Complaint must be dismissed as to them.

## MEMORANDUM OF LAW

By way of this Motion, the Pfahl Parties seek dismissal of Woodard's First Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6) as the First Amended Complaint fails to state a claim upon which relief can be granted against the Pfahl Parties. The legal standards for motions

Case 1:20-cv-23104-KMW   Document 79   Entered on FLSD Docket 05/13/2021   Page 6 of 14

*Woodard CM, LLC vs. Sunlord Leisure Products, Inc., et al.*
*Case No. 20-cv-23104-KMW*

to dismiss are well known and not subject to dispute. On a motion to dismiss, the well pleaded facts stated in the complaint and all reasonable references therefrom are taken as true. *Bickley v. Caremark Rx, Inc.*, 461 F.3d 1325, 1328 (11th Cir. 2006) (citation omitted). Furthermore, any exhibits attached to the complaint can be considered in passing on a motion to dismiss. *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993) ("All facts set forth in the complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.") (citation omitted). However, "Formulaic recitations of the elements of a claim . . . are conclusory and are entitled to no assumption of truth." *Marami v. Berzain*, 648 F.3d 1148, 1153 (11th Cir. 2011) (citation omitted); *See also Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (citation omitted).

The Pfahl Parties respectfully assert that the application of these standards to the claims asserted against the Pfahl Parties demonstrates that dismissal is appropriate. As to the breach of contract claim, the Pfahl Parties were not parties to the contract and thus cannot be held liable. Nor can the Pfahl Parties be liable for any alleged breach to the extent Woodard asserts that the Pfahl Parties were acting as agents or representatives of Sunlord, as an agent is not liable for a breach of its principal's contract. As to the tortious interference claims, said claims are fatally defective because nowhere does the First Amended Complaint set forth any factual allegations, apart from the formulaic and conclusory allegations contained in the counts themselves, that the Pfahl Parties knew about the Settlement Agreement or the alleged business relationships. As to the conspiracy claims, said claims fail because the alleged underlying wrongs are all due to be dismissed, thus rendering the conspiracy claims defective. Finally, the declaratory relief claim fails because, once the other counts are dismissed, there is no controversy between Woodard and

Case 1:20-cv-23104-KMW   Document 79   Entered on FLSD Docket 05/13/2021   Page 7 of 14

*Woodard CM, LLC vs. Sunlord Leisure Products, Inc., et al.*
*Case No. 20-cv-23104-KMW*

the Pfahl Parties that requires the Court to render a decision.  Each of the foregoing points will be addressed in turn,

> **I.  WOODARD'S BREACH OF CONTRACT CLAIM FAILS BECAUSE EITHER (a) THE PFAHL PARTIES WERE NOT PARTIES TO THE SETTLEMENT AGREEMENT; OR (b) THE PFAHL PARTIES WERE ACTING AS AGENTS OF SUNLORD AND THUS CANNOT BE INDIVIDUALLY LIABLE FOR A BREACH.**

In Count XIX of the First Amended Complaint, Woodard asserts that the Settlement Agreement between Woodard and Sunlord "constitutes a valid and binding contract between Plaintiff . . .and Pfahl and Pfahl Enterprises."  First Amended Complaint, Paragraph 334.  Woodard bases this assertion on the language of the Settlement Agreement that purports to bind Sunlord and various others, including "officers, directors, employees, agents, independent contractors and representatives" of Sunlord.  First Amended Complaint, Paragraph 336.

A Review of the Settlement Agreement demonstrates that the only actual parties to it are Woodard and Sunlord.  Consistent with the foregoing, the only parties who executed the Settlement Agreement are Woodard and Sunlord.  Nowhere does Woodard assert that the Pfahl Parties knew about the Settlement Agreement, reviewed the Settlement Agreement, negotiated the terms of the Settlement Agreement, agreed to be bound by the terms of the Settlement Agreement, executed the Settlement Agreement or otherwise had anything to do with the Settlement Agreement.  In short, Woodard's assertions, if allowed to stand and if proven, would pin potential liability on the Pfahl Parties – and potentially anyone who ever worked for Sunlord down to the night watchman – for "breaching" a contract that they knew nothing about.  Despite Woodard's allegations, however, the law does not support such a result.

Florida law has long been clear that "It is axiomatic that 'a non-party to a contract cannot breach that contract.'"  *Pelletier v Estes Groves, Inc.*, 2018 U.S. Dist. LEXIS 236399 at *12 (S.D. Fla. 2018) (Marra, J.) (citation omitted).  State and federal courts in Florida have

Case 1:20-cv-23104-KMW Document 79 Entered on FLSD Docket 05/13/2021 Page 8 of 14

*Woodard CM, LLC vs. Sunlord Leisure Products, Inc., et al.*
*Case No. 20-cv-23104-KMW*

recognized this principle for decades. *See In re Estate of Donner*, 364 So.2d 742, 749 (Fla. 3rd DCA 1978) ("Ordinarily, a contract cannot bind one who is not a party thereto since to create a valid contract <u>there must be reciprocal assent to a certain and definite proposition</u>." (emphasis added) (citation omitted); *TV Serv. ZAO v. NWE Talent Agency & Mgmt. Inc.*, 2013 U.S. Dist. LEXIS 3387 at *22 (S.D.Fla. 2018) (O'Sullivan, M.J) ("Only parties to a contract may be sued for breach of the contract terms.") (citations omitted); *Pinkston v. Univ. of S.Fla. Bd. Of Trs.*, 2019 U.S. Dist. LEXIS 51153 at *11-12 (M.D.Fla. 2019) (dismissing breach of contract claims on basis that "although [Defendants] are employees of USF, they are non-parties to the contract alleged in the Amended Verified Complaint.") (citation omitted); *Morgan Stanley DW, Inc. v. Halliday*, 873 So. 2d 400, 403 (Fla. 4th DCA 2004) ("Unless a person is a party to a contract, that person may not sue -- or, for that matter, be sued -- for breach of that contract where the non-party has received only an incidental or consequential benefit of the contract.") (citations omitted).

In *Axiom Worldwide, Inc. v. Becerra*, 2009 U.S. Dist. LEXIS 40214 (M.D. Fla. 2009) the plaintiff asserted breach of contract claims against several defendants who were specifically referenced in a settlement agreement wherein the settling party had agreed to have certain of its distributors sign off on a nondisparagement provision. The plaintiff in *Axiom Worlwide* thus asserted that the distributors were liable for breaching the settlement agreement notwithstanding that they never signed it. The court dismissed the claims and stated:

> [Distributors] also move to dismiss Counts IV and V on the ground that they were not parties to the settlement agreement, and Plaintiffs thus cannot state a breach of contract claim against them. The Amended Complaint alleges that Plaintiffs, NAM, Becerra, and "others" entered into a settlement agreement, and that "NAM expressly agreed to have its distributors, such as [ABS, Spinal Aid, and Disc Force] agree in writing to be bound by the non-disparagement provision in the Settlement Agreement." As a result, Plaintiffs alleges that ABS, Spinal Aid, and Disc Force are bound by the non-disparagement provision in the settlement agreement, and have breached this provision. . . . [T]o create a valid contract

Case 1:20-cv-23104-KMW Document 79 Entered on FLSD Docket 05/13/2021 Page 9 of 14

*Woodard CM, LLC vs. Sunlord Leisure Products, Inc., et al.*
Case No. 20-cv-23104-KMW

> there must be reciprocal assent to a certain and definite proposition. Thus, a contract cannot ordinarily bind one who is not a party. Plaintiffs' Amended Complaint fails to allege a valid contract between Plaintiffs and Disc Force, ABS, and Spinal Aid . . . Accordingly, the parties' motions to dismiss Counts IV and V are granted.

*Axiom Worldwide*, 2009 U.S. Dist. LEXIS 40214 at *18-19 (citations and internal quotations omitted). The instant case is similar to *Axiom Worldwide* in that Woodard has alleged that nonparties to a settlement agreement who are purportedly bound by his terms have breached the agreement. The Pfahl Defendants, like the defendants in *Axiom Worldwide*, are entitled to dismissal because they were not parties to the Settlement Agreement, did not negotiate the terms of the agreement, were not aware the agreement existed, received no consideration whatsoever in exchange for the agreement, and thus did not provide any reciprocal assent or agreement to be bound by is terms. Count XIX must therefore be dismissed as to the Pfahl Parties.

To the extent Woodard attempts to salvage the claim by arguing that the Pfahl Parties were acting as agents of Sunlord at the time of the alleged breach, the Pfahl Parties would still be entitled to dismissal because while a principal may be liable for a breach of contract caused by its agent, the agent of a principal is not independently liable for a breach of the principal's contract. Florida courts have long recognized this proposition as well. *See Cedar Hills Properties Corp. v. Eastern Federal Corp.*, 575 So, 2d 673, 677 (Fla. 1st DCA 1991) ("While a finding of joint and several liability between a principal and its agent is appropriate in tort actions, such a finding is not appropriate upon a finding of a breach of contract.") (citations omitted); *Richard Bertram, Inc. v. Sterling Bank & Trust*, 820 So. 2d 963, 965 (Fla. 4th DCA 2002) ("[A]n agent working on behalf of a disclosed principal is not personally liable for the debts of the principal.") (citations omitted); *Roberts v. Stutman*, 2009 U.S.Dist. LEXIS 14500 at *13 (S.D. Fla. 2009) (Dimitrouleas, J.) (citing *Richard Bertram, Inc.* for same proposition).

*Woodard CM, LLC vs. Sunlord Leisure Products, Inc., et al.*
*Case No. 20-cv-23104-KMW*

Woodard has not and cannot assert a breach of contract claim against the Pfahl Parties. Count XIX must therefore be dismissed.

## II. WOODARD'S COUNTS FOR TORTIOUS INTERFERENCE FAIL BECAUSE THE PFAHL PARTIES HAD NO KNOWLEDGE OF THE SETTLEMENT AGREEMENT.

Counts XX and XXI asserted against the Pfhal Parties purport to state claims for tortious interference. Count XX is pled in the alternative[1] and states that, to the extent the Pfhal Parties were not acting as agents of Sunlord, they allegedly interfered with the Settlement Agreement. Count XXI states that the Pfahl Parties interfered with Woodard's business relationships with various other suppliers. Both counts fail, however, because Woodard never once alleges sufficient facts to demonstrate that the Pfahl Parties had any knowledge of the Settlement Agreement or Woodard's other relationships.

Under Florida law, claims for tortious interference must assert and prove four elements: (1) the existence of a business relationship, not necessarily evidenced by an enforceable contract; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship. *Tamiami Trail Tours, Inc. v. Cotton*, 463 So. 2d 1126, 1127 (Fla. 1985). While tortious interference with a contract and with a business relationship are separate torts, the elements are similar. *See Soho Ocean Resort TRS, LLC v. Rutois*, 2021 U.S. Dist. LEXIS 58290 at *7 (S.D. Fla. March 25, 2021) (Singhal, J.) (Plaintiff's "three counts for relief—tortious interference with a contract and tortious interference with a business relationship—require pleading virtually the same elements.") (citations omitted).

---

[1] The Pfahl Parties assume that Count XX is pled in the alternative because, to the extent the Pfahl Parties were acting as agents of Sunlord, they could not have tortiously interfered with the Settlement Agreement given that Sunlord is a party to the agreement, and thus cannot interfere

10
**LAW OFFICES OF ROBERT F. REYNOLDS, P.A.**
515 East Las Olas Boulevard, Suite 850, Fort Lauderdale, Florida 33301 Telephone 954.766.9928

Case 1:20-cv-23104-KMW Document 79 Entered on FLSD Docket 05/13/2021 Page 11 of 14

*Woodard CM, LLC vs. Sunlord Leisure Products, Inc., et al.*
*Case No. 20-cv-23104-KMW*

The defect in Counts XX and XXI is with regard to the second element, knowledge of the Settlement Agreement and knowledge of Woodard's business relationships. After undertaking a thorough review of the First Amended Complaint, the Pfahl Parties have not been able to locate any allegation that the Pfahl Parties had any knowledge of the Settlement Agreement or any of Woodard's business relationships. Nowhere does the First Amended Complaint say that the Pfahl Parties received a copy of the Settlement Agreement. Nowhere does the First Amended Complaint say that the Pfahl Parties were told about the Settlement Agreement. Nowhere does the Frist Amended Complaint say that the Pfahl Parties knew that Woodard had previously sued Sunlord. Nowhere does the First Amended Complaint say that the Pfahl Parties knew who Woodard's other customers were that were the source of Woodard's advantageous relationships. In short, there is nothing whatsoever in the First Amended Complaint to support the pleading of the element of the Pfahl Parties's knowledge sufficient to withstand dismissal.

It is true that in Paragraphs 334 and 352 Woodard asserted that the Pfahl Parties had "knowledge" of the Settlement Agreement and Woodard's relationships. But these conclusory allegations are woefully insufficient to support a tortious interference claim. The Eleventh Circuit has repeatedly stated that conclusory allegations are not to be given the same imprimatur of truth when considering a motion to dismiss. "Formulaic recitations of the elements of a claim . . . are conclusory and are entitled to no assumption of truth." *Marami v. Berzain*, 648 F.3d 1148, 1153 (11th Cir. 2011) (citation omitted); *See also Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (citation omitted). As if the

---

with its own contract, as the Pfahl Parties would have been acting in a representative capacity on behalf of Sunlord.

Case 1:20-cv-23104-KMW Document 79 Entered on FLSD Docket 05/13/2021 Page 12 of 14

*Woodard CM, LLC vs. Sunlord Leisure Products, Inc., et al.*
*Case No. 20-cv-23104-KMW*

foregoing authority was not sufficient, the Supreme Court reiterated this point in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 137 L. Ed. 2d 868 (2009):

> Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions . . . [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.

*Iqbal*, 556 U.S. at 678-679. The First Amended Complaint is lacking in allegations related to the Pfahl Parties' knowledge sufficient to support the counts for tortious interference. These counts must therefore be dismissed.

### III. THE CONSPIRACY COUNTS MUST BE DISMISSSED AS TO THE PFAHL PARTIES BECAUSE THE UNDERLYING CLAIMS ARE NOT VIABLE.

Counts XXII, XXIII and XXIV assert civil conspiracy claims against all of the defendants. Each count is based on either the alleged breach of the Settlement Agreement or on the various tortious interference claims asserted against the defendants.

The Pfahl Parties respectfully assert that these claims must be dismissed because the underlying claims against the Pfahl Parties are all subject to dismissal. Under Florida law, in order to assert a conspiracy claim there must be some underlying tort or wrong that supports the conspiracy. *Liappas v. Augoustis*, 47 So. 2d 582 (Fla. 1950) ("[I]t is generally held that an act which constitutes no ground of action against one person cannot be made the basis of a civil action for conspiracy.") (citations omitted); *Palm Beach County Health Care District v. Prof'l Med. Educ., Inc.*, 13 So. 3d 1090, 1096 (Fla. 4th DCA 2009) ("Since the counts regarding the goals of the conspiracy--defamation and tortious interference--fail, so too the conspiracy count must fail.") (citations omitted).

Case 1:20-cv-23104-KMW Document 79 Entered on FLSD Docket 05/13/2021 Page 13 of 14

*Woodard CM, LLC vs. Sunlord Leisure Products, Inc., et al.*
*Case No. 20-cv-23104-KMW*

The Pfahl Parties amply demonstrated above why the breach and tortious interference claims fail as a matter of law as to the Pfahl Parties. For the reasons stated above, the conspiracy claims must also fail as to the Pfahl Parties.

### IV. BECAUSE ALL CLAIMS AGAINST THE PFAHL PARTIES ARE DUE TO BE DISMISSED, THE CLAIM FOR DECLARATORY RELIEF AS TO THE PFAHL PARTIES MUST ALSO BE DISMISSED.

Count XXII seeks declaratory relief against the various defendants pursuant to 28 U.S.C. §2201 and requests a myriad list of relief. "In a claim for declaratory relief, the court may declare the rights and other legal relations of any interested party in the case of an actual controversy within its jurisdiction." *Tamiami Condo. Warehouse Plaza Ass'n v. Markel Am. Ins. Co.*, 2019 U.S. Dist. LEXIS 170750 at *5 (S.D. Fla. 2019). Given that the claims against the Pfahl Parties are all due to be dismissed, however, there are no remaining legal rights and/or relations to determine. The Pfhal Parties are not signatories to the Settlement Agreement, so there are no rights, obligations, or otherwise related thereto that must be addressed. The Pfahl Parties did not know about the existence of the Settlement Agreement or Woodard's other relationships, so they could not have interfered with them. And because they could not have breached the agreement or interfered with the Settlement Agreement or Woodard's relationships, they cannot be liable for any conspiracy. Because all of the remaining claims are due to be dismissed, any claim for declaratory relief against the Pfahl Parties must likewise be dismissed.

### CONCLUSION

A review of the First Amended Complaint shows that Woodard failed to allege that the Pfhal Parties were parties to the Settlement Agreement, had any knowledge of the Settlement Agreement, received any consideration as a result of the Settlement Agreement, had any knowledge of the disputes between Woodard and Sunlord, had any knowledge of Woodard's relationships and, essentially, that the Pfahl Parties had any inkling about the ongoing issues that

*Woodard CM, LLC vs. Sunlord Leisure Products, Inc., et al.*
*Case No. 20-cv-23104-KMW*

Woodard has raised in this case. While Woodard may be entitled to have the allegations of the First Amended Complaint treated as true at this juncture, those allegations nonetheless are insufficient to survive dismissal of the counts asserted against the Pfahl Parties. The Pfahl Parties therefore respectfully request the Court dismiss the claims against the Pfahl Parties with prejudice.

WHEREFORE, for the reasons stated herein, the Pfahl Parties respectfully request the Court grant this Motion, dismiss all counts asserted against the Pfahl Parties with prejudice as well as grant any further relief the Court deems proper under the circumstances.

Dated this 13th day of May, 2021.

        **LAW OFFICES OF ROBERT F. REYNOLDS, P.A.**
        Counsel for the Pfahl Parties
        515 East Las Olas Boulevard
        Suite 850
        Fort Lauderdale, Florida 33301
        Telephone 954.766.9928
        rreynolds@robertreynoldspa.com

        /s/ Robert F. Reynolds
        ROBERT F. REYNOLDS
        Florida Bar No. 174823

## **CERTIFICATE OF SERVICE**

I HERBY CERTIFY that a true and correct copy of the foregoing was served via the Court's CM/ECF system on John Malloy, Esq., jcmallow@malloylaw.com, Oliver Ruiz, Esq., oruiz@malloylaw.com, Meredith Menendez, Esq., mmenendez@malloylaw.com, Jonathan Woodard, Esq., jwoodard@mallowlaw.com and all others entitled to receive service via the Court's CM/ECF system on this 13th day of May, 2021.

        /s/Robert F. Reynolds
        ROBERT F. REYNOLDS