UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 20-23104-CIV-WILLIAMS/TORRES

WOODARD-CM, LLC,

    Plaintiff,

vs.

SUNLORD LEISURE PRODUCTS, INC., *d/b/a*
PATIO RENAISSANCE, *et al.*,

    Defendants.

_____/

## OMNIBUS ORDER

This matter is before the Court on Chief Magistrate Judge Edwin G. Torres' Reports and Recommendations (collectively, the "Reports") (DE 142; DE 143) on Defendants Pfahl Enterprises, Inc.'s and Justin Pfahl's Motion to Dismiss (DE 79)[1] ("Report 142"), and Defendant Prestige International Investments Co., Ltd.'s Motion to Dismiss (DE 119)[2] ("Report 143"). Plaintiff and Defendants Pfahl Enterprises, Inc. and Justin Pfahl filed Objections and Responses to the Objections (DE 146; DE 148; DE 149; DE 152) to Report 142, and Plaintiff filed Objections and Defendant Prestige filed a Response to the Objections (DE 147; DE 153) to Report 143.[3]

---

[1] Plaintiff filed a Response (DE 91) to Defendants Pfahl Enterprises, Inc.'s and Justin Pfahl's Motion, to which the Pfahl Defendants filed a Reply (DE 112).

[2] Plaintiff filed a Response (DE 120) to Defendant Prestige International Investments Co., Ltd.'s Motion, to which Defendant Prestige filed a Reply (DE 122).

[3] Because the motions to dismiss underlying both Reports raise similar arguments, and the resulting Objections and Responses to each report are similar, the Court considers both Reports together.

Upon a careful review of the Reports, the Motions, the Responses and Replies, the Objections and Responses, and the record, it is **ORDERED AND ADJUDGED** that:

1. Judge Torres' Report (DE 142) is **AFFIRMED AND ADOPTED**.

    a. Defendants Pfahl Enterprises, Inc.'s and Justin Pfahl's Motion to Dismiss (DE 79) is **GRANTED IN PART AND DENIED IN PART**.

        i. Defendants Pfahl Enterprises, Inc.'s and Justin Pfahl's Motion is **GRANTED IN PART**, and Count XIX and Count XXIV are **DISMISSED WITH PREJUDICE** as to Defendants Pfahl Enterprises, Inc. and Justin Pfahl.

        ii. Defendants Pfahl Enterprises, Inc.'s and Justin Pfahl's Motion is **GRANTED IN PART**, and Count XXVI is **DISMISSED WITHOUT PREJUDICE** as to Defendants Pfahl Enterprises, Inc. and Justin Pfahl.

        iii. Defendants Pfahl Enterprises, Inc.'s and Justin Pfahl's Motion is **DENIED IN PART** as to Counts XX, XXI, XXII, and XXIII.[4]

---

[4] Defendants Pfahl Enterprises, Inc. and Justin Pfahl object to Report 142 only as to its recommendations on Counts XX, XXI, XXII, and XXIII (DE 148 at 1), relying largely on *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The Defendants assert that the Amended Complaint does not contain sufficiently pled allegations as to their knowledge of any conspiracy or wrongdoing such that would give rise to the relevant claims. However, under *Iqbal*, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Further, under Federal Rule of Civil Procedure 8, the Amended Complaint does set forth sufficiently pled allegations to survive a motion to dismiss. Defendants may raise these objections again, after discovery, in a motion for summary judgment.

The Court notes that the Amended Complaint is replete with allegations as to Defendants Pfahl and Pfahl Enterprises, and such allegations sufficiently plead Counts XX, XXI, XXII, and XXIII at this stage in the proceedings. The relevant assertions against Defendants Pfahl and Pfahl Enterprises include **but are not limited to**: (1) that the Pfahl Defendants engaged in an email exchange regarding the alleged Enjoined Designs at issue in the underlying Settlement Agreement; (2) that the Pfahl Defendants were included on an email thread regarding "tear sheets" of the Enjoined Designs; (3) that the Pfahl Defendants "marketed and promoted the Enjoined Designs," and displayed samples of those same designs; and (4) that the Pfahl Defendants "had knowledge" of the Settlement Agreement and "intentionally and unjustifiably interfered" with Plaintiff's contractual and business relationships. (DE 44 at 10; 43, 76.) Such statements provide a basis for the

2. Judge Torres' Report (DE 143) is **AFFIRMED AND ADOPTED**.

   a. Defendant Prestige International Investments Co., Ltd.'s Motion to Dismiss (DE 119) is **GRANTED IN PART AND DENIED IN PART**.

      i. Defendant Prestige International Investments Co., Ltd.'s Motion is **DENIED IN PART** as to Counts V, VI, XXII, XXIII.

      ii. Defendant's Prestige International Investments Co., Ltd.'s Motion is **GRANTED IN PART** and Count IV and Count XXIV are **DISMISSED WITH PREJUDICE** as to Defendant Prestige International Investments Co., Ltd.

      iii. Defendant's Prestige International Investments Co., Ltd.'s Motion is **GRANTED IN PART** and Count XXVI is **DISMISSED WITHOUT PREJUDICE** as to Defendant Prestige International Investments Co., Ltd.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 25th day of March, 2022.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

Court to reasonably infer that the Pfahl Defendants may be liable for the misconduct alleged.

Pfahl and Pfahl Enterprises also object to Report 142 on the grounds that the report "misapplied" *Sun Life Assurance Co. of Canada v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1215 (11th Cir. 2018). *Sun Life* outlines the elements of a tortious interference with contractual relations claim. Upon review, the Court agrees with Judge Torres' conclusion that *Sun Life* rebuts Pfahl's and Pfahl Enterprises' assertion that knowledge of the Settlement Agreement must be pled with specificity. *See Sun Life*, 904 F.3d at 1215 (noting the plaintiff "need not have pled [the Defendant's] knowledge of the relevant contract with specificity" even under the heightened pleading standard of Federal Rule of Civil Procedure 9(b)).